IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILLIAM O. MULLIGAN,              )
                                  )
            Plaintiff,            )          7:05CV5005
                                  )
        v.                        )
                                  )
ROYCE HUBER, DAVE WISEMAN,        )      MEMORANDUM AND ORDER
RALPH MORGANWECK, MATTHEW J.      )
HOGAN, UNITED STATES FISH AND     )
WILDLIFE SERVICE, and UNITED      )
STATES DEPARTMENT OF THE          )
INTERIOR,                         )
                                  )
            Defendants.           )
_____      )


        The plaintiff has filed an action for judicial review of an
administrative determination made by the United States Fish and
Wildlife Service (USFWS), an agency within the United States
Department of the Interior.  See Administrative Procedure Act, 5
U.S.C. § 701-706; filing 37 (amended complaint) ¶ 10.  The
plaintiff claims the defendants should be enjoined from
implementing the Final River Management Plan (RMP) which imposes
restrictions on the public's access and use of the portion of the
Niobrara River that flows through the Fort Niobrara National
Wildlife Refuge ("Refuge").


                    THE PENDING MOTION


        Pending before me is the plaintiff's motion to conduct
discovery and expand the administrative record.  Filing 30.  The
plaintiff seeks leave to serve requests for admission, depose
witnesses, and file affidavits to expand the record and
determine:

1)   The reason(s) the USFWS failed to address and ignored public comments regarding the accuracy and reliability of the:

- "Impacts of River Recreation on Birds at Fort Niobrara National Wildlife Refuge: 2000-2002," C. Anderson et al., Kansas State University; Interim Project Reports, Research Summary Report, Thesis/Final Report;

- The study entitled "Standards of Quality for River Use within the Fort Niobrara Wilderness Area," 1998. J. Davis; and

- The conclusions regarding public participation in the agency management process, drawn by the study "Mixing Metaphors: A Community Based Vision for the Niobrara National Scenic River." 2002. M. Davenport.

(2)   Whether and in what manner the agency considered the off-site effects of the proposed RMP, particularly on the Niobrara River downstream from the Refuge.

(3)   Why the agency emphasized compliance with National Wildlife Refuge System Improvement Act of 1998 and the Wilderness Act over the requirements of the Wild and Scenic Rivers Act.

(4)   The factual basis for limiting visitor use of the Niobrara River within the Refuge, especially since the actual visitor use limits identified in the RMP are not supported by the Administrative Record, and the only direct evidence in the Record contradicts the agency's decision.

(5)   Whether there are recorded communications by and among employees of the USFWS stating the agency should contradict public comment in promulgating the RMP.

(6)   Whether all information "received or considered by the Defendants" is included within the record.

(7)   Why the RMP was not noticed in the Federal Register and why the defendants otherwise failed to comply with the legal requirements of the administrative decision-making process.

2

The plaintiff argues that the record, as filed, is incomplete; the agency's RMP fails to explain its failure to consider contradictory evidence and therefore the missing information must be supplied to facilitate the court's review of the USFWS's actions; and the fundamental differences between the facts actually supported by the record and the findings reflected in the RMP establish improper behavior or bad faith by the USFWS. Filing 31 (plaintiff's initial brief). The plaintiff has stated, however, that it is not "suggesting that all materials considered by USFWS were not included in the administrative record filed herein." Rather, the plaintiff claims "the utter lack of rational scientific support for the management conclusions reached by USFWS supports Plaintiff's inquiry into what additional information the agency considered when promulgating the River Management Plan." Filing 34 (reply brief) at p.2.

<u>STANDARD OF REVIEW</u>

The plaintiff's complaint requests judicial review of an agency determination. Under the Administrative Procedures Act, a court can set aside agency decisions only when they are arbitrary and capricious, represent an abuse of discretion, or are otherwise not in accordance with law. <u>In re Operation of Missouri River System Litigation</u>, 421 F.3d 618, 628 (8th Cir. 2005). An agency determination is arbitrary and capricious if the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." <u>Missouri River System Litigation</u>, 421 F.3d at 628.

The precise issue currently before me is whether, in light of the plaintiff's claims that reliable data and science, the law, and the compiled administrative record do not support the USFWS' decision, the plaintiff is entitled to conduct discovery and expand the record for review in this forum.  The court's review is generally limited to the administrative record that was before the agency when it made its decision.  <u>Voyageurs Nat. Park Ass'n v. Norton</u>, 381 F.3d 759, 766 (8th Cir. 2004)(citing <u>Citizens to Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402, 420 (1971), abrogated on other grounds, <u>Califano v. Sanders</u>, 430 U.S. 99 (1977).  "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973).

There are limited exceptions to this general rule.  Extra-record investigation by the reviewing court may be appropriate when the record before the court is incomplete, (<u>Dopico v. Goldschmidt</u>, 687 F.2d 644, 654 (2d Cir. 1982)); the agency has failed to explain its actions and findings, thereby frustrating administrative review, (<u>Camp v. Pitts</u>, 411 U.S. 138, 143 (1973)); further inquiry is necessary to explain the administrative record, (<u>Arkla Exploration Co. v. Texas Oil & Gas Corp</u>., 734 F.2d 347, 357 (8th Cir. 1984)(supplementary evidence admitted only to determine the adequacy of the procedures followed, provide background information for facts considered, and educate the court concerning scientific, technical, and economic data used by the agency)); or the there has been a sufficient showing of agency bad faith or improper conduct, (<u>Newton County Wildlife Ass'n v. Rogers</u>, 141 F.3d 803, 807 (8th Cir. 1998)).  However, the exceptions allowing consideration of extra-record evidence to explain the administrative record and the agency's decision are

4

very narrow, "apply only under extraordinary circumstances, and
are not to be casually invoked. . . ." <u>Voyageurs Nat. Park
Ass'n</u>, 381 F.3d at 766.

A party requesting discovery must make a strong threshold
showing that the specific extra-record material requested falls
within one of the limited exceptions.  <u>Voyageurs Nat. Park</u>, 381
F.3d at 766.  Unless a plaintiff provides the court with a
reasonable factual basis to believe that the record as filed is
incomplete, that the agency exhibited bad faith or improper
behavior, or that one of the other limited exceptions to the
general prohibition on discovery is applicable, discovery
processes and expansion of the administrative record will not be
allowed.

<u>THE FACTUAL RECORD</u>

The plaintiff has submitted no evidence is support of his
motion to conduct discovery and expand the administrative record.
The record before me on this motion consists of the plaintiff's
amended complaint, (filing 37), and the administrative record
filed by the USFWS.  Filing 26.

The plaintiff's amended complaint states he is a Nebraska
resident who uses the Niobrara River for recreation and solitude.
He claims the RMP violates the law and is the product of
arbitrary and capricious agency conduct.  The plaintiff seeks a
declaratory judgment vacating the RMP, enjoining its enforcement,
and remanding the case to the agency for re-promulgation of an
RMP in accordance with applicable law.  Filing 37 (amended
complaint) ¶ 9.

The following sets forth the alleged "Factual Background of the Case." The 1996 revisions to the National Wildlife Refuge Act, 16 U.S.C. § 668dd et seq provide for making refuge properties available to the public for "compatible" recreation uses. To that end, the USFWS was tasked with adopting a Comprehensive Conservation Plan (CCP) for compatible uses and administration of the Refuge. The 1999 CCP adopted by USFWS for the Refuge acknowledged that canoeing, kayaking, and inner tube floating are compatible recreational uses for that portion of the Niobrara River which passes through the Refuge, but placed temporary limitations on the number of persons allowed river access at the Cornell Dam launch site, and placed a moratorium on new river outfitters. The Cornell Dam launch site was constructed with Nebraska tax funds and serves as the primary public access to the Niobrara River within the Refuge. The 1999 CCP also specified the process for adopting the RMP, the final governing authority for river access. The final RMP, released in January 2005, is a step down management plan and as such, the use control measures of the RMP must comply with the statutory and regulatory mandates applicable to CCPs, and its permissible scope is limited to those issues identified in promulgating the Niobrara Refuge CCP. Filing 37 (amended complaint) ¶¶ 21-32.

As more specifically discussed hereafter, the plaintiff's complaint alleges: 1) the procedural process for implementing the RMP violated the Administrative Procedures Act, and the record of these proceedings is inadequate and incomplete; 2) the science, studies, and factual assumptions relied on in formulating the RMP were invalid, and valid studies and comments were not considered; 3) the substantive provisions of the RMP are factually incorrect, incomplete, or reflect that competing

6

interests were not properly balanced in accordance with the law;; and 4) the RMP represents an unlawful exercise of federal power and compliance with the RMP will violate federal law.

      1.   <u>Alleged Defective and Unlawful Procedure and Record</u>.

The plaintiff alleges the USFWS' procedure violated the rules applicable to adjudicatory proceedings as set forth in 5 U.S.C. § 554, 556, and 557 in that the agency failed to afford all interested parties an opportunity to submit evidence and arguments, failed to conduct a hearing upon request, and failed to conduct a hearing despite knowing that evidence existed which contradicted the agency's scientific assumptions and that additional evidence directly relevant to the issues of Niobrara River visitor use and user satisfaction had not been considered. Filing 37 (amended complaint) ¶¶ 34-35.4.

In the alternative, the plaintiff claims the USFWS failed to comply with the procedural requirements for agency rule making set forth in 5 U.S.C. § 553 by: 1) failing to publish notice of proposed rule-making in the Federal Register; 2) ignoring public comments; 3) failing to consider the totality of public comments received; and 4) failing to incorporate into the RMP an adequate statement of the RMP's basis or purpose and the USFWS' justification for its response to public comments received. Filing 37 (amended complaint) ¶¶ 36-36.4.

Finally, the plaintiff claims the defendants acted contrary to or in excess of their authority by failing to maintain an adequate and complete public record of the agency's actions and the scoping process undertaken before promulgating the RMP. Filing 37 (amended complaint) ¶¶ 38.19 and 39.1.

2.   Insufficient or Incomplete Basis for the Underlying
     Factual Assumptions Used to Formulate the RMP's Use
     Restrictions.

As to the underlying basis of the RMP's substantive
provisions, the plaintiff claims the RMP:

- includes access restrictions which are based on flawed
  and unreliable scientific studies and surveys, filing
  37 (amended complaint) ¶¶ 38.11 and 38.17;

- fails to take into account, rely upon, or incorporate
  previous agency studies and scientific findings, filing
  37 (amended complaint) ¶ 38.18;

- cites to factual statements and conclusions in the CCP
  and RMP that were ultimately not supported by valid
  surveys or scientific studies, filing 37 (amended
  complaint) ¶ 38.20;

- includes inaccurate facts which improperly facilitated
  the development of an inaccurate, misleading, and
  incomplete record of agency administration, which, in
  turn, allows such conduct to continue in the future,
  filing 37 (amended complaint) ¶¶ 38.21-38.22; and

- reflects that the USFWS failed to expertly evaluate the
  public use and poll data gathered and the scientific
  studies performed at the agency's request, filing 37
  (amended complaint) ¶ 39.3.

3.   RMP Substantive Provisions:   Incorrect or Incomplete
     Factual Findings or Erroneous Application of Fact to
     Law.

As to the substantive provisions included within the RMP,
the plaintiff claims the RMP:

- fails to specify the extent to which the agency relied
  on the Wild and Scenic Rivers Act (WRSA), and reflects
  that the agency prioritized complying with the
  Wilderness Act and the FWS Improvement Act over the

requirements of the WRSA in violation of 16 U.S.C. §
1281, filing 37 (amended complaint) ¶¶ 37 and 39.5;

- does not conform to the CCP requirements, alters and
amends the CCP's substantive provisions, and improperly
characterizes its language, filing 37 (amended
complaint) ¶¶ 38.1, 38.12-38.14;

- fails to incorporate Nebraska legal requirements for
operating watercraft, filing 37 (amended complaint) ¶
38.2;

- fails to identify and specify wilderness values and
opportunities for solitude as overarching
administrative policies, filing 37 (amended complaint)
¶ 38.7;

- fails to state how the agency complied with the
Wilderness Act in adopting the RMP, filing 37 (amended
complaint) ¶ 38.8;

- fails to provide for minimal administrative
interference with the public's use of the Refuge and
wilderness assets, filing 37 (amended complaint) ¶
38.9; and

- specifies conditions for compatible recreational use of
the Niobrara River within the Refuge in excess of the
USFWS' lawful authority, and improperly imposes access
fees for entering the Niobrara River from the Cornell
Dam launch site, filing 37 (amended complaint) ¶¶ 38.10
and 38.16.


4.   <u>Issues of Law Relating to Promulgation and Compliance</u>.


In addition to his claim that the defendants failed to
comply with the Administrative Procedures Act and engaged in
arbitrary and capricious agency conduct in adopting the RMP, the
plaintiff claims the RMP is unlawful because:

- the RMP usurps the State's right to criminalize
particular conduct, and thereby places the liberty and
property interests of the public at risk;  Filing 37
(amended complaint) ¶ 38.3.

9

- it permits the USFWS to exercise unauthorized dominion and control over Nebraska waters; Filing 37 (amended complaint) ¶ 39.4

- compliance with the RMP requires information gathering and dissemination in violation of the Privacy Act; Filing 37 (amended complaint) ¶ 38.4.

- the RMP unlawfully vests USFWS employees with law enforcement authority and provides for financing and staffing of their activities;  Filing 37 (amended complaint) ¶ 38.5 and 38.15

- the RMP represents an improper exercise or delegation of legislative authority. Filing 37 (amended complaint) ¶ 38.6.

In response to these allegations, the USFWS filed an administrative record which includes a six-page index and 6456 pages of records organized in ten three-ring binders.  Kathleen M. McPeak, a Wildlife Biologist for the USFWS, was the custodian of this record and compiled it for filing with the court.  She certified that to the best of her knowledge, the documents filed "comprise the complete administrative record for the Fort Niobrara National Wildlife Refuge River Recreation Management Plan."  Filing 26 at p. 4.

Excluding the index, the first document in the administrative record is the RMP--an eighty-seven page document which includes an explanation of:

- the legal purpose, needs, and objectives for the plan, and the legal and policy guidance underlying its creation, filing 26, (Administrative Record) Vol. 1 at p. 8-13;

- the planning process followed by the USFWS in adopting the RMP, (Filing 26, (Administrative Record) Vol. 1 at p. 14-21);

10

- the geographic, water, plant, wildlife, cultural, paleontological, and public use resources in the area, any special environmental designations set by law, and the socioeconomic factors associated with the property, filing 26, (Administrative Record) Vol. 1 at p. 22-34;

- the Management Directive:  The restrictions, limitations, conditions, and guidelines for public and commercial recreational uses of the Niobrara River within the Refuge, with statements and conclusions concerning the anticipated impact of the Directive on the public's use of the river, and on wildlife, plants, and habitats in the Refuge, filing 26, (Administrative Record) Vol. 1 at p. 35-40;

- the methods to be implemented for monitoring, review, and evaluation of the Management Directive, filing 26, (Administrative Record) Vol. 1 at p. 41-43;

- the Environmental Action Statement and Finding of No Significant Impact, filing 26, (Administrative Record) Vol. 1 at p. 44-45; and

- an appendix of sources including a bibliography of scientific and research articles, mathematical public use calculations, proposals for use by commercial outfitters, blank special use permit form, blank outfitter evaluation form, compilation of public comments expressed during the 60-day public review and comment period, mailing list; Refuge compatibility determination, and a list of those who prepared the RMP, filing 26, (Administrative Record) Vol. 1 at p. 46-87.

In addition to the RMP itself, the administrative record includes copies of:

- relevant enabling legislation, federal laws and regulations, and policies and guidelines of the Department of Interior, USFWS, and National Wildlife System (NWRS); Filing 26,  (Administrative Record) Vol. 1 at 88-460.

- the 1994 Environmental Assessment, 1999 CCP, 2004 draft RMP, and 2004 draft compatibility determination for management of the Niobrara River with the Refuge;

11

Filing 26, (Administrative Record) Vol. 2 at p. 461-724.

- published and unpublished data and scientific research for the Refuge, (see Filing 26, (Administrative Record) Vols. 2-3 at p. 725-1423), and publications, research, and river management guidance of general application, filing 26, (Administrative Record) Vols. 3-6 at p. 1424-3448;

- the Refuge and Public Management Plans, Reports, and Correspondence from twenty-one other designated Refuges and Scenic Riverways, filing 26, (Administrative Record) Vols. 6-8 at p. 3449-5511;

- miscellaneous documentation of courses on managing visitor use of wilderness areas, the Memorandum of Understanding between the USFWS and the Middle Niobrara Natural Resources District, the Eighth Circuit opinion in Niobrara River Ranch v. USFWS, socio-economic data, Niobrara River water quality test results, newspaper and magazine articles, and a copy of the Boundary Water Canoe Area website information, filing 26, (Administrative Record) Vols. 8-10 at p. 5512-6019; and

- records reflecting publication of interim plans and reports, requests for public comment, and the comments received, (filing 26, (Administrative Record) Vol. 10 at p. 6020-6456)), which are summarized in the RMP at pages 19-20, with agency responses by issue summarized in the RMP at Appendix E, pages 72-79.


## LEGAL ANALYSIS


The plaintiff's motion presents two interrelated issues:  a motion for leave to conduct limited discovery, and a motion to expand the administrative record by including the information obtained through that discovery.  The plaintiff argues that this case falls within one or more of the limited exceptions permitting the court to consider extra-record evidence on administrative review.  As the following discusses, as to those exceptions argued by the plaintiff, he has failed to present a

12

prima facie showing sufficient to permit his requested discovery
or the expansion of the filed administrative record.

A.    INCOMPLETE OR INSUFFICIENT ADMINISTRATIVE RECORD OR
      EXPLANATION OF AGENCY FINDINGS.

1.    Incomplete or Insufficient Administrative Record.

     The plaintiff has moved for limited discovery to determine
whether all information received or considered by the
defendants is included within the filed administrative record.
Review of an agency decision under the Administrative Procedures
Act is based on the full administrative record that was before
the agency at the time it made its decision.  Overton Park, 401
U.S. at 420.  The administrative record includes all documents
and materials directly or indirectly considered by agency
decision-makers when they made the decision, including evidence
contrary to the agency's position.  Thompson v. United States
Dep't of Labor, 885 F.2d 551, 555 (9th Cir. 1989); Bar MK Ranches
v. Yuetter, 994 F.2d 735, 739 (10th Cir. 1993).

     As long as the agency has submitted all documents and
information considered at all stages of its decision and review
process, nothing more and nothing less, the administrative record
submitted to the district court is complete.  Bar MK Ranches, 994
F.2d at 739.  To review less than the full administrative record
undermines the purpose and language of the Administrative
Procedures Act by allowing the agency to withhold evidence
unfavorable to its case.  To review more than the information
actually before the agency during the decision-making process
risks allowing agencies to make decisions and then supplement the
record with post hoc rationalizations.  Walter O. Boswell
Memorial Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984).

13

An agency cannot unilaterally determine what constitutes the administrative record.  However, "the agency enjoys a presumption that it properly designated the administrative record. . . ." Bar MK Ranches, 994 F.2d at 739-40.  When, as in this case, the agency has filed a sworn affidavit stating the administrative record filed with the court is complete, the court is not at liberty to find the record is incomplete absent clear evidence to the contrary.  Bar MK Ranches, 994 F.2d at 740.

To demonstrate a prima facie showing that the agency excluded materials from the record, the plaintiff must produce specific evidence of information known to and considered by the agency which was directly related to and adverse to the agency's decision but which was nevertheless excluded from the administrative record.  Fund for Animals v. Williams, 391 F. Supp. 2d 191, 198 (D.D.C. 2005)(citing Public Citizen v. Heckler, 653 F. Supp. 1229, 1237 (D.D.C. 1986)).  Where the plaintiff identifies specific adverse information and documentation which the defendants have excluded from the administrative record, discovery may be allowed and the record supplemented. Dopico v. Goldschmidt, 687 F.2d 644, 654 (2d Cir. 1982)(extra-record discovery allowed where strong suggestion that documents fundamental to agency decision were missing from record); Bethlehem Steel Corp v. United States Environmental Protection Agency, 638 F.2d 994, 999-1000 (7th Cir. 1980)(agency must supplement administrative record with documents it released to plaintiffs and on which it appears to have relied); Natural Resources Defense Council, Inc. v. Train, 519 F.2d 287, 291 (D.C. Dir. 1975)(record supplemented where movant specifically identified an issue briefing book that was missing from the record); Fund for Animals, 391 F. Supp. 2d at 198-99 (despite agency's claim that the documents were not considered, record was

14

supplemented to include four highly relevant and adverse
documents identified by the plaintiff, created by or for the
agency, and located in the agency's files); <u>Public Citizen</u>, 653
F. Supp. 1229, 1237 (D.D.C. 1986)(record supplemented to include
documents specifically identified by the plaintiff and indicating
the agency's rule violated its own internal findings and policy);
<u>Exxon Corp. v. Department of Energy</u>, 91 F.R.D. 26, 34-35 (N.D.
Tex. 1981)(record supplemented where movant demonstrated that the
record submitted by agency did not include the materials required
under the agency's internal memorandum).

In contrast, the plaintiff's mere allegation or assertion
that the record is incomplete does not establish the threshold
for permitting discovery or expansion of the record.  <u>Voyageurs
Nat. Park Ass'n</u>, 381 F.3d at 766 (where the administrative record
consisted of over ten-thousand pages of reports, correspondence,
studies and analyses, the record was fully sufficient to
facilitate judicial review without discovery); <u>Sokaogon Chippewa
Community (Mole Lake Band of Lake Superior Chippewa) v. Babbitt</u>,
929 F. Supp. 1165, 1177 (W.D. Wis. 1996)(discovery barred where
the plaintiff argued but failed to present evidence showing the
agency considered but deliberately or negligently excluded
documents that may have been adverse to its decision).  "A party
must provide the Court with reasonable, non-speculative grounds
to believe that materials considered in the decision-making
process are not included in the record." <u>Ammex, Inc. v. U.S</u>., 23
C.I.T. 549, 556, 62 F. Supp.2d 1148, 1156 (1999)(collecting
cases).

Here, the plaintiff alleges that the record must be
incomplete and should be supplemented because, in its current
state, it does not support or adequately explain the agency's

decision.  Such allegations are insufficient to justify discovery or expansion of the administrative record.  As this court has previously stated:

> Plaintiff asserts that the agency record is incomplete, arguing that several necessary letters and other information he deems material are not in the record. Plaintiff mischaracterizes the nature of this judicial review of the final agency decision.  This court's sole task is to determine whether the existing record supports the determination of the agency.  If it does, then it is irrelevant that Plaintiff wishes that additional data was in the record.

Prokop v. U.S. ex rel. U.S. Dept. of Agriculture, 91 F. Supp. 2d 1301, 1315 (D. Neb. 2000)(Kopf, J.).

    2.   Supplementation to Explain the Content of the
         Administrative Record.

    The plaintiff's motion requests discovery to determine whether and in what manner the agency considered the effects of the proposed RMP on downstream regions of the Niobrara River, why the agency emphasized compliance with the National Wildlife Refuge System Improvement Act of 1998 and the Wilderness Act over compliance with the Wild and Scenic Rivers Act, and what facts the agency found and relied on for adopting the visitor use limitations outlined in the RMP's Management Directive.  The plaintiff claims that without such discovery and consideration of extra-record evidence, there is "no indication in the administrative record explaining why the agency persisted in relying on flawed and unsupportable scientific studies," and absent such an explanation, this court cannot "determine whether the agency's decision to rely on the questioned scientific data was arbitrary, capricious, an abuse of discretion or contrary to law."  Filing 34 (reply brief) at p.3.

16

To the extent that the plaintiff seeks discovery to inquire
into what the USFWS considered, how it balanced the competing
interests, and why it disregarded some studies and relied on
others, or considered some public comments but allegedly ignored
others, its request for discovery and extra-record review must be
denied.  If necessary, supplementary background information may
be gathered to educate the court and assist it in understanding
the content and meaning of the existing record, (see Arkla
Exploration Co. v. Texas Oil & Gas Corp., 734 F.2d 347, 357 (8th
Cir. 1984) (supplementary evidence admitted only to determine the
adequacy of the procedures followed, provide background
information for facts considered, and educate the court
concerning scientific, technical, and economic data used by the
agency).  However, "unless an inadequate evidentiary development
before the agency can be shown and supplemental information
submitted by the agency does not provide an adequate basis for
judicial review, the court in conducting the plenary review
mandated by Overton Park should limit its inquiry to the
administrative record already in existence supplemented, if
necessary, by affidavits, depositions, or other proof of an
explanatory nature."  Independent Meat Packers Ass'n v. Butz, 526
F.2d 228, 239 (8th Cir. 1975).

The plaintiffs have failed to produce any evidence that the
record, as filed, must be supplemented to explain the procedures
used by the USFWS, the meaning of any of the documents or
principles relied on, or the context of any statements.[1]

---

[1]This opinion is not dispositive as to whether discovery may
be appropriate in the future.  If the court later discovers that
effective review is not possible without clarification of certain
terms in the record, supplementation of the record may be
necessary.  Similarly, should the court or the parties discover
evidence which reasonably indicates that the record is

    3.   <u>Inadequate Record of Agency's Findings or Decision</u>.

     Although a court may require administrative officials who participated in a decision to give testimony explaining their findings, "inquiry into the mental processes of administrative decisionmakers is usually to be avoided." <u>Overton Park</u>, 401 U.S. at 420 (citing <u>United States v. Morgan</u>, 313 U.S. 409, 422 (1941). "[W]here there are administrative findings that were made at the same time as the decision, . . . there must be a strong showing of bad faith or improper behavior before such inquiry may be made." <u>Overton Park</u>, 401 U.S. at 420.

     This is not a case where the agency failed "to explain administrative action [so] as to frustrate effective judicial review." <u>Camp v. Pitts</u>, 411 U.S. 138, 142-43 (1973). Excluding the Appendix, the RMP alone is forty pages long, explains the agency's planning process and factual findings, and outlines the conclusions reached based on those findings. Where, as here, the agency's findings are neither conclusory nor bereft of explanation, absent a showing of bad faith or improper conduct, the court will not permit discovery or expand the record to probe the mental processes or rationale of the agency's decision. <u>Voyageurs Nat. Park Ass'n</u>, 381 F.3d at 766 (citing <u>Overton Park</u>, 401 U.S. at 420).

     Finally, even were the court to conclude that the agency's record is incomplete, or the agency's findings wholly unclear or

---

incomplete, or that USFWS decisionmakers acted improperly or in bad faith, discovery may be proper. However, at this time, the plaintiff has failed to identify any evidence, record or otherwise, that would justify discovery or expansion of the record.

inadequately supported by the record, discovery and expansion of the record is not the appropriate remedy.

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.

Florida Power & Light Co. v. Lorion, 470 U.S. 729, 729 (1985). See also Gechter v. Davidson, 116 F.3d 1454 (D.C. Cir. 1997)(remanding administrative decision where the agency's findings of fact and conclusions of law failed to provide an adequate basis for review); Public Power Council v. Johnson, 674 F.2d 791, 794 (9th Cir. 1982)("When there is a need to supplement the record to explain agency action, the preferred procedure is to remand to the agency for its amplification."); Gregson v. U.S. Forestry Service, 19 F. Supp. 2d 925, 928-929 (E.D. Ark. 1998)(rejecting plaintiff's claim that absent discovery, the court will be unable to make an informed decision, and holding that if the agency record proves inadequate, the proper procedure is to remand the case for additional investigation.)

    B.   AGENCY BAD FAITH OR IMPROPER CONDUCT.

    Since the USFWS' has filed a contemporaneous administrative record along with a detailed explanation of its findings, and there is, at this time, no apparent need for any additional explanation of the agency decision, "'there must be a strong showing of bad faith or improper behavior' before the reviewing

court may permit discovery and evidentiary supplementation of the
administrative record." <u>Newton County Wildlife Ass'n v. Rogers</u>,
141 F.3d 803, 807 (8th Cir. 1998)(quoting <u>Overton Park</u>, 401 U.S.
at 420).  Merely alleging bad faith does not entitle the
plaintiff to then conduct discovery and elicit evidence to
support a prima facie showing of bad faith; rather, if the
plaintiff first presents evidence reasonably indicating
wrongdoing by the agency, then he may be entitled to conduct
discovery to expose the agency's bad faith or improper conduct
and expand the administrative record.  <u>United States v. Hooker
Chemicals & Plastics Corp</u>., 123 F.R.D. 3, 22 n. 36 (W.D.N.Y.
1988)(citing <u>Warren Bank v. Saxon</u>, 263 F. Supp. 34, 39 (D. Mich.
1967).

     The plaintiff's principle argument for claiming bad faith or
improper conduct is that the administrative record does not
support the USFWS's findings, and therefore the agency acted in
bad faith.  The plaintiff further argues that the agency received
a hearing request, but did not consider or act on this request;
failed to meaningfully review comments or respond to public
submissions questioning the scientific accuracy of conclusions
drawn from research conducted at the Refuge; and summarily
ignored public comments and evidence contradicting or questioning
the agency's decision.  Filing 31 (plaintiff's initial brief) at
p.7.

     A showing that the agency purposefully excluded from the
record documents which were relevant and adverse to the agency's
decision may be sufficient to present a prima facie case of
agency bad faith or improper conduct.  <u>Maritime Management, Inc.
v. United States</u>, 242 F.3d 1326, 1330 (11th Cir. 2001).  However,
as previously discussed, although the plaintiff argues

information must be missing because the filed record does not
support the RMP findings, such allegations are not sufficient to
support a claim that documents considered by the agency are
actually missing from the record.  Therefore, the plaintiff has
likewise failed to present a threshold showing of agency bad
faith.

    The plaintiff has presented no evidence of agency bias or
that any such bias affected the USFWS' ultimate decisions as
reflected in the RMP.  Compare, e.g. <u>Galen Med. Assocs., Inc. v.
United States</u>, 56 Fed. Cl. 104, 109 (2003)(allowing depositions
where plaintiff presented a showing of "a long pattern of
questionable activity [that] might be relevant to prove agency
bias"); and <u>Cybertech Group, Inc. v. United States</u>, 48 Fed. Cl.
638, 651 (2001)(plaintiff's allegations that government activity
was "highly suspect" are insufficient to rise to the level of bad
faith, absent substantiated evidence).  The plaintiff has also
presented no evidence that the agency circumvented the law by
tailoring documents to support a pre-determined result.  <u>National
Audubon Soc. v. Hoffman</u>, 132 F.3d 7, 16 (2d Cir. 1997)(affidavit
of forest service employee stating she was taught to tailor
documents to support the service's predetermined result was
insufficient to agency show bad faith).

    The plaintiff's motion seeks discovery to determine why
notice of the RMP was not published in the Federal Register and
why the defendants failed to comply with the Administrative
Procedures Act.  His brief argues the USFWS acted in bad faith by
not conducting a hearing as requested and in failing to
adequately and meaningfully consider public comment.  The
plaintiff may be arguing that, by failing to follow the

21

procedural requirements of the Administrative Procedures Act, the
agency conducted a "sham" review indicative of bad faith.

The plaintiff's complaint alleges the USFWS failed to comply
with the procedural requirements of 5 U.S.C. §§ 553, 554, 556
and 557.  The requirements of § 553 do not apply to agency
rulemaking for the management of public property, such as
the Refuge.  Therefore, the RMP was exempt from the notice and
hearing requirements of § 553(a)(2).  Story v. Marsh, 732 F.2d
1375, 1384 (8th Cir. 1984)(citing Eiseman v. Kleppe, 608 F.2d
1250, 1253 (9th Cir. 1979); Oahe Conservancy Sub-District v.
Alexander, 493 F. Supp. 1294, 1302-03 (D.S.D. 1980)).  See also
Clipper Cruise Line, Inc. v. United States, 855 F. Supp. 1
(D.D.C. 1994)(under statute exempting matters relating to public
property from Administrative Procedure Act's notice-and-comment
provision, National Park Service was not required to follow the
notice-and-comment requirement when implementing new procedures
for allocating permits for ships to enter Glacier Bay).

The requirements of section 554 is also inapplicable to the
rule-making procedures for prospective application outlined in
the RMP.  "It is well settled that section 554 applies only in
cases of adjudication, and not to rulemaking proceedings."
Hercules, Inc. v. Environmental Protection Agency, 598 F.2d 91,
117 (D.C. Cir. 1978)(citing Hoffmann-La Roche, Inc. v.
Kleindienst, 478 F.2d 1, 13 (3d Cir. 1973); Willapoint Oysters,
Inc. v. Ewing, 174 F.2d 676, 692-94 (9th Cir. 1949).

Section 556 applies to hearings required by section 553 and
554, and section 557 applies when a hearing is required under
section 556.  Section 554 applies in cases of adjudication
"required by statute to be determined on the record after

22

opportunity for agency hearing. . . ."  5 U.S.C. § 554(a).
Neither party cites to a statute requiring an adjudicatory
hearing process before adopting the RMP.  5 U.S.C. § 553(c)
states that "[w]hen rules are required by statute to be made on
the record after opportunity for an agency hearing, sections 556
and 557 of this title apply instead of this subsection."  Since
the court has not found, and neither party has cited to any
statute requiring an agency hearing for the type of USFWS rule-
making set forth in the RMP, a hearing is not required under
either section 553 or 554, and the provisions of sections 556 and
557 are not applicable to this case.

    Finally, I note that the record is replete with public
notices, public comment, agency responses to public comment, and
comment summaries.  See filing 26, (Administrative Record) Vol. 1
at p. 19-20 and 72-79; Vol. 10 at p. 6020-6456.  While citizens
and public entities may have welcomed a formal "on-the-record"
hearing process, and believed they were entitled to such
proceedings, the record reflects that the public, and
specifically the plaintiff, was aware that the RMP was being
formulated and was afforded an opportunity to be heard.  Based on
these facts of record, the court cannot conclude that the
defendants acted in bad faith or engaged in improper conduct by
following a sham rule making process.  See e.g. Society Hill
Towers Owners' Ass'n v. Rendell, 20 F. Supp. 2d 855, 863 (E.D.Pa.
1998).

    The plaintiff argues that the fundamental difference between
the facts supported of record and the findings in the RMP
establish a prima facie showing of improper behavior or bad faith
by the USFWS.  Filing 31 (plaintiff's initial brief).  He claims
he should be permitted to conduct discovery and expand the record

23

to discern why the USFWS ignored some information while
considering certain studies reliable in the face of expert and
public comment to the contrary.  The plaintiff has summarized his
argument as follows:

> It is fundamental that if judicial review of final
> agency action is limited to the record before the
> agency, then all information available to and
> considered by the agency should be a part of the
> Administrative Record compiled by the agency and
> submitted to the Court for judicial review of an agency
> decision under the APA.  Because the agency's decisions
> contained in the RMP are not supported by the documents
> and materials presented in the Administrative Record
> submitted to the Court, Plaintiff seeks limited
> discovery of what materials, if any, the agency relied
> upon to make the decisions it did in the RMP and to
> examine its decision making process because the
> fundamental differences between the RMP and the record
> establish improper behavior or bad faith.

Filing 31 (plaintiff's initial brief) at p.6.

The plaintiff's argument, if accepted, would wholly
undermine the law prohibiting, except in very limited
circumstances, extra-record review of an administrative agency
decision.  The plaintiff's argument relies on the assumption that
the record does not support the agency's findings.  He therefore
claims the record is incomplete, and limited discovery should be
permitted to compile "all documents and materials directly or
indirectly considered by the agency."  Filing 31 (plaintiff's
initial brief) at p.6 (quoting Bar MK Ranches v. Yuetter, 994
F.2d 735, 739 (10th Cir. 1993)).  That is, once the court has
reviewed the record and determined it does not support the
agency's decision, then the court should permit discovery to
expand the record for judicial review.  This argument is contrary
to the law.  Camp, 411 U.S. at 142-43 (noting that although

24

affidavits or testimony from decisionmakers may be necessary
where the agency has failed to adequately explain their action,
remand is the appropriate remedy where the agency's explanation,
though clear, is not sustainable on the administrative record).

   The plaintiff further argues that since the record does not
support the agency's findings, the plaintiff has thereby shown
that the agency acted in bad faith or with improper motive, and
therefore discovery must be permitted and the record expanded for
judicial review.  As such, the practical consequence of
plaintiff's argument, if accepted, is that whenever the plaintiff
asserts that the record filed by the agency for review does not
support the agency's findings, then discovery must be allowed;
either because the record is incomplete or because it establishes
the plaintiff's threshold showing of agency bad faith.  This
argument is contrary to the law.  See e.g. Newton County Wildlife
Ass'n v. Rogers, 948 F. Supp. 50, 52 (E.D. Ark. 1996)(arguments
that the agency's finding are not supported by the record, the
agency failed to sufficiently consider certain evidence, and it
failed to act on concerns addressed during the rule-making
process did not establish the requisite showing of bad faith
sufficient to permit review of extra-record evidence).


   IT THEREFORE HEREBY IS ORDERED:  The plaintiff's motion to
conduct discovery and expand the administrative record, filing
30, is denied.

   DATED this 9th day of December, 2005.

                         BY THE COURT:

                         s/ David L. Piester
                         David L. Piester
                         United States Magistrate Judge

                              25